1  PHILIP T. BESIROF (BAR NO. 185053)
   pbesirof@mofo.com
2  SETH A. SCHREIBERG (BAR NO. 267122)
   sschreiberg@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone:  415.268.7000
5  Facsimile:   415.268.7522

6  Attorneys for Defendants
   JPMORGAN CHASE BANK, N.A., as successor in interest to EMC
7  MORTGAGE LLC, formerly known as EMC MORTGAGE
   CORPORATION; BANK OF AMERICA, N.A., as successor by
8  merger to LASALLE BANK NATIONAL ASSOCIATION, as
   Trustee for Certificate holders of BEAR STEARNS ASSET
9  BACKED SECURITIES I LLC, ASSET BACKED
   CERTIFICATES, SERIES 2007-HE5; MORTGAGE ELECTRONIC
10 REGISTRATION SYSTEMS, INC.

11
                    UNITED STATES DISTRICT COURT
12
                    EASTERN DISTRICT OF CALIFORNIA
13

14 RICHARD S. MYERS                      Case No. 2:11-CV-01714-KJM-KJN

15              Plaintiff,

16        v.
                                         **NOTICE OF MOTION AND**
17 ENCORE CREDIT, *a Delaware Corporation;*  **MOTION TO DISMISS**
   FIDELITY NATIONAL TITLE INSURANCE    **PLAINTIFF'S COMPLAINT;**
18 COMPANY; MORTGAGE ELECTRONIC          **MEMORANDUM OF POINTS AND**
   REGISTRATION SYSTEMS, INC.; T.D.      **AUTHORITIES**
   SERVICE COMPANY; EMC MORTGAGE
19 CORPORATION *a Delaware corporation*; BANK  **Date:   October 26, 2011**
   OF AMERICA, N.A.; BEAR STEARNS ASSET  **Time:  10:00 AM**
20 BACKED SECURITIES I LLC; *a Delaware*  **Court: 3**
   *limited liability company,* BEAR STEARNS  **Judge: Hon. Kimberly J. Mueller**
21 ASSET BACKED SECURITIES TRUST 2007-
   HE5; LASALLE BANK NATIONAL            **Action Filed:  June 24, 2011**
22 ASSOCIATION; and DOES 1-20, inclusive,
                                         **[FILED CONCURRENTLY WITH A**
23              Defendants.              **REQUEST FOR JUDICIAL**
                                         **NOTICE]**
24

25

26

27

28

---

                    MOTION TO DISMISS PLAINTIFF'S COMPLAINT
   Myers MTD/sf-3047614 v1

1

## TABLE OF CONTENTS

2

**Page(s)**

3  NOTICE OF MOTION AND MOTION ........................................................................................ 1

4  MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

5  INTRODUCTION .......................................................................................................................... 1

6  BACKGROUND ............................................................................................................................ 1

7  LEGAL STANDARD .................................................................................................................... 3

8  ARGUMENT ................................................................................................................................. 3

9  I.    MOVING DEFENDANTS ARE NOT LIABLE FOR ALLEGED MISCONDUCT
       OF ENCORE CREDIT CORP AT THE TIME THE LOAN WAS ORIGINATED
10     (FIRST, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION).............. 3

11  II.   PLAINTIFF'S ORIGINATION CLAIMS ARE BARRED BY THE STATUTE
        OF LIMITATIONS  (FIRST, FOURTH, FIFTH, SIXTH, AND SEVENTH
12      CAUSES OF ACTION)...................................................................................................... 4

13  III.  THE FORECLOSING ENTITIES WERE AUTHORIZED UNDER
        CALIFORNIA LAW (FOURTH, SIXTH, EIGHTH, NINTH, AND TENTH
14      CAUSES OF ACTION)...................................................................................................... 5

15        A.    The Assignment from MERS to Bank of America Is Valid ................................... 6

16        B.    The Substitution of Trustee Is Valid and Authorized T.D. Service to Initiate
              Foreclosure Proceedings ...................................................................................... 7
17
    IV.   PLAINTIFF'S RESPA CLAIM FAILS (SECOND CAUSE OF ACTION)..................... 8
18
    V.    PLAINTIFF CANNOT STATE A FAIR CREDIT REPORTING ACT CLAIM
19      (THIRD CAUSE OF ACTION).......................................................................................... 9

20  VI.   PLAINTIFF FAILS TO PLEAD FRAUD WITH THE REQUISITE
        SPECIFICITY (FOURTH CAUSE OF ACTION). ........................................................... 9
21
    VII.  PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT
22      (FIFTH CAUSE OF ACTION).......................................................................................... 11

23  VIII. PLAINTIFF'S CIVIL RICO ACTION FAILS TO ALLEGE THE ESSENTIAL
        ELEMENTS OF A CLAIM (SIXTH CAUSE OF ACTION) .......................................... 11
24
    IX.   PLAINTIFF'S BUSINESS & PROFESSIONS CODE SECTION 17200 CLAIM
25      FAILS (SEVENTH CAUSE OF ACTION) ...................................................................... 12

26  X.    DEFENDANTS DID NOT BREACH A SECURITY INSTRUMENT (EIGHTH
        CAUSE OF ACTION) ...................................................................................................... 14
27
    XI.   PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM FAILS (NINTH CAUSE
28      OF ACTION) .................................................................................................................... 14

i

XII.     PLAINTIFF'S QUIET TITLE CLAIM FAILS (TENTH CAUSE OF ACTION). .......... 15

CONCLUSION ................................................................................................................... 15

ii

Myers MTD/sf-3047614 v1

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 26, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard, defendants JPMORGAN CHASE BANK, N.A., as successor in interest to EMC MORTGAGE LLC, formerly known as EMC MORTGAGE CORPORATION; BANK OF AMERICA, N.A., as successor by merger to LASALLE BANK NATIONAL ASSOCIATION, as Trustee for Certificate holders of BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES 2007-HE5; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., will, and hereby do, move to dismiss the Complaint of Plaintiff Richard S. Myers.  Defendants' Motion is brought pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).  The hearing on the Motion shall be held before the Honorable Kimberly J. Mueller in Courtroom 3 of the Sacramento Division courthouse located at 501 I Street, in Sacramento, CA 95814.

This Motion is based on this Notice; the supporting Memorandum of Points and Authorities; the pleadings and papers on file herein; the accompanying Request for Judicial Notice; and such other written or oral argument and other materials as may be presented before the Court takes the Motion under submission.

Dated:  September 23, 2011

PHILIP T. BESIROF
SETH A. SCHREIBERG
MORRISON & FOERSTER LLP


By:  /s/ Seth A. Schreiberg
         Seth A. Schreiberg

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., as successor in interest to EMC MORTGAGE LLC, formerly known as EMC MORTGAGE CORPORATION; BANK OF AMERICA, N.A., as successor by merger to LASALLE BANK NATIONAL ASSOCIATION, as Trustee for Certificate holders of BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES 2007-HE5; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Myers MTD/sf-3047614 v1

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### INTRODUCTION

4       Plaintiff Richard S. Myers ("Plaintiff") defaulted on his Loan, and certain Defendants[1]

5   initiated foreclosure proceedings as provided in the Deed of Trust.

6       Much of Plaintiff's Complaint alleges misconduct by non-moving Defendants in the

7   origination of the Loan in 2007.  These claims are not actionable against Chase, MERS, or Bank

8   of America, and are barred by the statute of limitations.  Plaintiff also attempts to obscure the

9   chain of title and authority of the foreclosing entities, which is confirmed by statute, case law, and

10  title documents recorded in Sacramento County.  Plaintiff's convoluted and conclusory

11  allegations cannot plead around admitted facts and well-settled law.  Defendants therefore

12  respectfully request that the Court dismiss the entire Complaint without leave to amend.

13                                      ### BACKGROUND

14      The real property that is the subject of this dispute is located at 8513 Pearl Way, Citrus

15  Heights, California ("Subject Property").  (Compl. ¶ 1.)  Plaintiff obtained a home loan in the

16  amount of $226,320 (the "Loan") in connection with the Subject Property.  The Loan is secured

17  by a deed of trust ("DOT") encumbering the Subject Property recorded on March 15, 2007, with

18  the Sacramento County Recorder's office as instrument number 2007-03151653.  The DOT

19  identifies Encore Credit as the lender, Fidelity National Title Insurance Company ("Fidelity") as

20  the trustee, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and

21  Plaintiff as the borrower.  (Request for Judicial Notice ("RJN") Ex. 1.)

22      Plaintiff defaulted on the Loan.  On May 29, 2008, MERS executed a Substitution of

23  Trustee, substituting T.D. Service Company ("T.D. Service") for Fidelity as Trustee of the Loan.

24  ---
[1] Defendant JPMorgan Chase Bank, N.A. ("Chase") is successor in interest to EMC Mortgage
    Corporation, the servicer of the loan.  Defendant Bank of America, N.A. is successor by merger
25  to LaSalle Bank, N.A., which no longer exists as a separate entity.  Bank of America, N.A. is
    also the Trustee for Certificate holders of Defendant Bear Stearns Asset Backed Securities I
26  LLC, Asset Backed Certificates Series 2007-HE5 ("Bear Stearns ABS"), the current beneficiary
    of the loan.  (RJN Ex. 4.)  Mortgage Electronic Registration Services, Inc. ("MERS") was the
27  original beneficiary of the loan, but assigned its interest to Bank of America, N.A. as Trustee for
    Certificate holders of Bear Stearns ABS.  (*See Id.*)

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Myers MTD/sf-3047614 v1

1    (*See* Complaint, Ex. D.)  The Substitution was later recorded in Sacramento County as instrument

2    number 2008-08200138.  (*See* Compl. Ex. D.)  On May 30, 2008, T.D. Service recorded a Notice

3    of Default ("NOD") with the Sacramento County Recorder's office as instrument number 2008-

4    05300203.  (RJN Ex. 2.)  The NOD states that as of June 5, 2008, the amount in arrears would be

5    $10,698.54 and advises Plaintiff to contact MERS through T.D. Service to arrange for payment to

6    stop foreclosure.  (*Id.*)  The NOD provides T.D. Service's address and phone number. (*Id.*)

7         A Notice of Trustee's Sale ("NOS") was recorded on September 2, 2008, by T.D. Service,

8    as Authorized Agent for the Beneficiary, with the Sacramento County Recorder's office, setting a

9    Trustee's Sale for September 22, 2008.  (RJN Ex. 3.)  The NOS indicates that when the Notice

10   was published, the Plaintiff owed $244,931.95, more than the original Loan.  (*Id.*)

11        On July 23, 2010, Bank of America, as successor by merger to LaSalle Bank, and acting

12   as Trustee for Certificate holders of Bear Stearns ABS I LLC, Certificate Series 2007-HE5 ("Bear

13   Stearns ABS"), acquired the Loan from MERS via an Assignment of the Deed of Trust recorded

14   in Sacramento County as instrument number 2010-07230578.  (RJN Ex. 4.)

15        Following the Assignment, a second NOS was recorded on January 12, 2011, with the

16   Sacramento County Recorder's office, setting a Trustee's Sale for February 1, 2011.  (RJN Ex. 5.)

17   The NOS indicates that when the Notice was published, the Plaintiff owed $290,435.44.  (*Id.*)

18        On February 1, 2011, the Subject Property was sold at auction to the Beneficiary, Bank of

19   America, acting as Trustee for Bear Stearns ABS, for $143,358.60.  (RJN Ex. 6.)  Bank of

20   America was the highest qualified bidder.  (*Id.*)  That Sale, however, was rescinded on March 9,

21   2011.  The Rescission was recorded on March 16, 2011, as instrument number 2011-03160394.

22   (RJN Ex. 7.)

23        On April 1, 2011, Plaintiff recorded a Lis Pendens in Sacramento County alleging that

24   title to the property was clouded.  (RJN Ex. 8).

25        Over four years have passed since Plaintiff signed the Loan, and more than three years

26   since he first defaulted.  Plaintiff has not brought the Loan current, nor alleged the ability to do

27   so.  Plaintiff filed his complaint on June 24, 2011.

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Myers MTD/sf-3047614 v1

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts demonstrating a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *Twombly* and *Iqbal* require a two-step analysis. *See Iqbal*, 129 S. Ct. at 1949. First, a court must consider the factual allegations of the complaint to determine whether the plaintiffs have made a plain statement of the grounds of their entitlement to relief. Fed. R. Civ. P. 8(a); *Iqbal*, 129 S. Ct. at 1949. Thus, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949; *see also Grant v. Aurora Loan Servs.*, 736 F. Supp. 2d 1257, 1266 (C.D. Cal. 2010). Second, if the plaintiffs have alleged sufficient facts to plead the elements of the claim, the court must then consider whether the facts alleged push the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547; *Iqbal*, 129 S. Ct. at 1950; *Grant*, 736 F. Supp. 2d at 1266.

**ARGUMENT**

**I.      MOVING DEFENDANTS ARE NOT LIABLE FOR ALLEGED MISCONDUCT OF ENCORE CREDIT CORP AT THE TIME THE LOAN WAS ORIGINATED (FIRST, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION)**

Five of Plaintiff's causes of action, including statutory claims under TILA, RICO, California Business and Professions Code § 17200, common law fraud, and unjust enrichment, are based substantially on allegations of misconduct *before* the execution of the Loan in March 2007. Plaintiff does not allege any misconduct by moving defendants.

It is undisputed that Encore Credit Corp. was the original lender of the Loan. (Compl. ¶¶ 16-17.) The Parties agree that the moving defendants did not negotiate the Loan with Plaintiff, had no interest in the Loan when it was originated, and never even communicated with Plaintiff before 2010. Nor does Plaintiff allege any theory whereby any moving Defendant could be liable for the actions of Encore Credit Corp. more than three years before Bank of America acquired any interest in the Loan. Therefore, Defendants are not liable for any purported misconduct during the origination of the Loan, and Plaintiff's claims should be dismissed.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Myers MTD/sf-3047614 v1

**II.     PLAINTIFF'S ORIGINATION CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS  (FIRST, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION)**

Plaintiff alleges misconduct before the execution of the Loan in March 2007, but did not file suit until June 2011, more than four years after the Loan closed.  Each of Plaintiff's alleged causes of actions related to the origination of the Loan has a statute of limitations of less than four years.  *See* 15 U.S.C. § 1640(e) (actual and statutory damages under TILA subject to a one-year statute of limitations); 15 U.S.C. § 1635(f) (right to rescind under TILA automatically expires three years after consummation of the transaction; *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (same); 12 C.F.R. § 226.23(a)(3); *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 152 (1987) (civil RICO actions subject to four year statute of limitations); Cal. Bus. & Prof. Code § 17208 (actions based on unfair business practices must be commenced within four years); Cal. Civ. Proc. Code § 338(d) (actions upon fraud must be commenced within three years); Cal. Civ. Proc. Code § 337 (actions based upon contract must be commenced within four years).

Therefore, Plaintiff's causes of action under TILA, RICO, and California Business and Professions Code section 17200, in addition to common law allegations of fraud and unjust enrichment, must be dismissed.

Plaintiff's cannot rescue his causes of action by the doctrines of equitable tolling or delayed discovery, despite Plaintiff's general allegation that he "first learned" of Defendants "failure to disclose" loan terms in April 2011.  (*See*, e.g., Compl. ¶¶ 68-71, 81.)  First, the rescission remedy under TILA "is not subject to equitable tolling" and thus expired in March 2010, three years after the loan documents were signed.  *See Pedersen v. Greenpoint Mortg. Funding, Inc.*, 2011 U.S. Dist. LEXIS 96397, at *15-16 (E.D. Cal. Aug. 26, 2011) (citations omitted).  More broadly, under the discovery rule, a tort claim, including fraud and civil RICO, accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action.  *See, e.g., Blanks v. Seyfarth Shaw LLP,* 171 Cal. App. 4th 336, 374 (2009) (citation omitted); *Fox v. Ethicon Endo-Surgery, Inc.,*35 Cal. 4th

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Myers MTD/sf-3047614 v1

797, 807 (2005); *see also Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 275 (9th Cir. 1988) (RICO suit barred if plaintiff "knew or should have known about its claims within the four-year ... period."). "To establish excusable delay, [plaintiff] must show 'fraudulent conduct by the defendants resulting in their concealment of the operative facts, [his] failure . . . to discover the operative facts that are the basis of [his] cause of action within the limitations period, and [his] due diligence . . . until discovery of those facts.'" *Pedersen*, 2011 U.S. Dist. LEXIS 96397, at * 16-17 (citations omitted). Plaintiff fails to identify such circumstances, much less allege how he could not have discovered the truth from the Loan documents and disclosures he signed and initialed in March 2007.

Since plaintiff had every opportunity to learn the terms of his Loan both before and after signing, there is no valid justification for tolling the statute of limitations. Accordingly, Plaintiff's origination claims are barred by the statute of limitations and should be dismissed.

## III.   THE FORECLOSING ENTITIES WERE AUTHORIZED UNDER CALIFORNIA LAW (FOURTH, SIXTH, EIGHTH, NINTH, AND TENTH CAUSES OF ACTION)

Five of Plaintiff's claims are predicated on allegations that Defendants did not properly execute and/or record an assignment of the beneficiary interest in the Loan, or a substitution of Trustee, as purportedly required by California Civil Code section 2932.5 and other state statutes. (*See generally* Compl. ¶¶ 19-35.) Specifically, Defendants identify the following claims that rely upon Plaintiff's erroneous theory:

- Fourth Claim for Fraud (*See* Compl. ¶¶ 91-92 (alleging that "there was no proper substitution of trustee and an invalid and 'false assignment of DOT' filed with the County Recorder" and that Defendants "fraudulently misrepresented [their] standing to foreclose …"));

- Sixth Claim for Civil RICO violations (*See* Compl. ¶ 108 (alleging various "false and fraudulent documents filed with the Sacramento County Recorder Office."));

- Eighth Claim for Breach of Security Instrument (*See* Compl. ¶ 129 (alleging various defects with the Substitution of Trustee and other recorded documents));

- Ninth Claim for Wrongful Foreclosure (*See* Compl. ¶ 131, 133 (alleging MERS lacked authority as beneficiary and defects with the Substitution of Trustee and other recorded documents));

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Myers MTD/sf-3047614 v1

- Tenth Claim for Quiet Title (*See* Compl. ¶ 153 (alleging that Defendants "have no legal or equitable rights, claim, or interest in said property")).

Each of the foregoing claims is based on the mistaken theory that, per Civil Code section 2932.5, Defendants do not have the right to service or foreclose on the Subject Property because the assignment of the beneficiary interest in the Loan from MERS to Bank of America, N.A. has not been executed, or that the Substitution of Trustee was improper. In fact, where a loan is secured by a deed of trust, there is no obligation for an assignment of beneficiary interest to be recorded. Moreover, the law is clear that a substitution of Trustee is valid upon execution, and does not need to be recorded before the new Trustee may fulfill its duties.

**A.      The Assignment from MERS to Bank of America Is Valid**

California law provides two ways a loan can be secured by real property: a mortgage or a deed of trust. *See Roque v. Suntrust Mortg., Inc.*, No. C-09-0040, 2010 U.S. Dist. LEXIS 11546, at *8 (N.D. Cal. Feb. 9, 2010); Y*ulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV S-09-1504, 2009 U.S. Dist. LEXIS 79094, at *7 (E.D. Cal. Sept. 3, 2009). California Civil Code section 2932.5, by its terms, applies only to mortgages. *See Roque*, 2010 U.S. Dist. LEXIS 11546, at *7. Specifically, it applies only to mortgages that give a power of sale to the creditor, not to deeds of trust that grant a power of sale to the trustee. *Roque,* 2010 U.S. Dist. LEXIS 11546, at *7-8; *see also Calvo v. HSBC Bank USA, N.A.*, B226494, 2011 Cal. App. LEXIS 1184, *7-8 (Cal. App. 2d Dist. Sept. 13, 2011).

Where, as here, a loan is secured by a deed of trust, (RJN Ex. 1), "there is no requirement under California law for an assignment [to another lender] to be recorded in order for an assignee beneficiary to foreclose." *Parcray v. Shea Mortg. Inc.*, No. CV-F-09-1942, 2010 U.S. Dist. LEXIS 40377, at *31 (E.D. Cal. Apr. 23, 2010) (dismissing claim that "foreclosure sale was void because it was not initiated [by the lender identified on the deed of trust] and there is no recorded assignment" from the prior lender to the assignee lender); *see also Roque*, 2010 U.S. Dist. LEXIS 11546, at *7-8.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Myers MTD/sf-3047614 v1

1    Here, MERS was the beneficiary of the Loan.  (RJN Ex. 1.)  MERS is authorized under

2    California law to fulfill its duties as a nominal beneficiary, including initiating foreclosure and

3    assigning its interest.  *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149

4    (2011) (MERS has authority under Civil Code § 2924(a)(1) and deed of trust to initiate

5    foreclosure); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 271 (2011)

6    (Presumption that MERS may assign interest pursuant to language in Deed of Trust).  Thus,

7    MERS properly assigned its interest to Bank of America.  In turn, as the beneficiary Bank of

8    America or any of its agents were entitled to foreclose on the Subject Property, regardless of

9    whether or not an assignment had been executed or recorded.

10   Accordingly, to the extent Plaintiff's claims rely upon allegations that Defendants did not

11   properly execute or record the assignment of the Loan, they should be dismissed with prejudice.

12   **B.      The Substitution of Trustee Is Valid and Authorized T.D. Service to Initiate
             Foreclosure Proceedings**

13

14   Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or

15   any of their authorized agents" may conduct the foreclosure process.  MERS, as the beneficiary in

16   the Deed of Trust, was authorized to substitute the Trustee.  *See* Cal. Civ. Code § 2934(a); *Labra*

17   *v. Cal-Western Recon. Corp.*, No. C 09-2537, 2010 U.S. Dist. LEXIS 23165, at *21 (N.D. Cal.

18   Mar. 11, 2010) (MERS had authority to appoint substitute trustee); *see also Wurtzberger v.*

19   *Resmae Mortg. Corp.*, No. 2:09-cv-0718, 2010 U.S. Dist. LEXIS 51751, at *13 (E.D. Cal. Apr.

20   29, 2010).  Plaintiff's Exhibit D demonstrates that MERS executed a Substitution of Trustee on

21   May 29, 2008, authorizing T.D. Service to act as Trustee under the Deed of Trust.  (Compl. Ex.

22   D.)  The next day, T.D. Service recorded a Notice of Default.  (RJN Ex. 2.)

23   While the Substitution was not recorded until August 2008, that delay is immaterial.

24   California Civil Code section 2924b(4) states: "A person authorized to record the notice of

25   default … shall include … any person designated in an ***executed*** substitution of trustee."

26   (Emphasis added.)  The statute does not require that the substitution be recorded to take effect.

27   *See Pedersen*, 2011 U.S. Dist. LEXIS 96397, at *61 (citing, among other authorities, *Ferguson v.*

28   *Avelo Mortgage, LLC*, 195 Cal. App. 4th 1618, 1628 (2011)).

7

1    Because the substitution was validly executed prior to the initiation of foreclosure

2  proceedings, Plaintiff cannot plead any defects in the chain of title that would affect the

3  foreclosure proceedings, much less ownership of the Loan.  His claim should therefore be

4  dismissed.

5  **IV.      PLAINTIFF'S RESPA CLAIM FAILS (SECOND CAUSE OF ACTION)**

6         Plaintiff's RESPA claim that "Defendant and/or its agents excepted [sic] charges for the

7  rendering of real estate services" is conclusory, vague, and lacks factual support necessary to state

8  a cognizable cause of action.  *See Iqbal*, 129 S. Ct. at 1950.  Moreover, it is time-barred.  *See*

9  *Pedersen*, 2011 U.S. Dist. LEXIS 96397, at *18-19 (citations omitted).

10        Plaintiff also alleges that he sent "Defendants" a Qualified Written Request ("QWR") in

11  April 2011, and that Defendants did not respond.  (Compl. ¶¶ 78, 148.)  This generic allegation,

12  which fails to state which Defendant(s) were sent a QWR, is insufficient to put Defendants on

13  notice of any alleged violation.  *See Iqbal*, 129 S. Ct. at 1950.  In any event, no Defendant could

14  have violated RESPA, since 12 U.S.C. § 2605 requires disclosure information regarding transfer

15  of the loan only where the information "is unavailable or cannot be obtained."  *See* 12 U.S.C. §

16  2605(e)(2)(C)(1).  By April 2011, all transfers, assignments and other information about the Loan

17  that Plaintiff challenges in his Complaint were publically available in recorded documents.

18  Indeed, Plaintiff has submitted all these documents as Exhibits.  Defendants have no obligation to

19  prove a negative, or affirmatively explain that there have been no changes to the ownership of the

20  Loan.

21        Plaintiff also fails to allege actual damages caused by any Defendant's alleged violation.

22  *See La Coby Phillips v. Bank of Am. Corp.*, No. 10-CV-04561, 2011 U.S. Dist. LEXIS 4902, at

23  *13 (N.D. Cal. Jan. 14, 2011) (claimant under 12 U.S.C. § 2605 must allege "pecuniary harm"

24  attributable to the alleged violation).

25        Accordingly, Plaintiff's RESPA claim should be dismissed with prejudice.

26

27

28

8

**V.     PLAINTIFF CANNOT STATE A FAIR CREDIT REPORTING ACT CLAIM (THIRD CAUSE OF ACTION)**

Plaintiff's Fair Credit Reporting Act ("FCRA") claim fails because Defendants are not in the business of compiling consumer credit information and are thus not subject to the Act.  *See Pedersen*, 2011 U.S. Dist. LEXIS 96397, at *21-22 (Dismissing FCRA claim with prejudice where Plaintiff failed to allege "any facts suggesting that defendants [loan servicer] or MERS are … subject to FCRA; in fact, their descriptions of these two defendants demonstrate that neither is in a business subject to the provisions of the act.")  Plaintiff's claim should be dismissed with prejudice for this reason alone.  *See id.*

Plaintiff's FCRA claim fails for the additional reason that the Act provides a private right of action only where a furnisher of false information fails to investigate a dispute after receiving notice from a credit reporting agency.  15 U.S.C. § 1681s-2(b); *see Griley v. Nat'l City Mortg.*, No. CIV 2:10-1204, 2011 U.S. Dist. LEXIS 5061, at *12 (E.D. Cal. Jan. 18, 2011).  Here, Plaintiff alleges only that "Defendant and/or its agent wrongfully, improperly, and illegally reported negative information as to Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff's having negative information on his credit reports and the lowering of their FICO scores." (Compl. ¶ 82.)  Plaintiff does not allege that any of the Defendants ever received notice of a dispute from a credit reporting agency.  Therefore, Plaintiff's FCRA claim fails as a matter of law.  *See*, e.g., *Gens v. Wachovia Mortg. Corp.*, 10-CV-01073, 2011 WL 9121, at *8 (N.D. Cal. Jan. 3, 2011); *Tang v. California Reconveyance Co.*, 10-CV-03333, 2010 WL 5387837, at *4-5 (N.D. Cal. Dec. 22, 2010) (both dismissing FCRA claim based on alleged furnishing of inaccurate information by lenders and/or foreclosure trustees).

**VI.     PLAINTIFF FAILS TO PLEAD FRAUD WITH THE REQUISITE SPECIFICITY (FOURTH CAUSE OF ACTION).**

As an initial matter, Plaintiff's fraud claim is based primarily on allegations that Encore fraudulently induced the Loan in 2007. (*See* Compl. ¶¶ 88-90.)  As discussed *supra*, sections I and II, no moving defendant is liable for any alleged misconduct by unaffiliated parties, and Plaintiff's claim is barred by the statute of limitations.

1    Plaintiff's remaining fraud claim is based on allegations that certain non-moving

2    Defendants, Encore and T.D. Service, filed false documents with the Sacramento County

3    Recorder's Office.  (*See* Compl. ¶¶ 91-94.)  Because Plaintiff alleges no fraudulent conduct by

4    moving defendants, his cause of action should be dismissed.

5    Plaintiff also fails to state his claim with the requisite particularity.  *See* Fed. R. Civ. Proc.

6    9(b).  In California, a claim of fraud has five elements: (1) misrepresentation; (2) knowledge of

7    falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damage.  *See Lazar v. Superior*

8    *Court*, 12 Cal.4th 631, 637 (1996).  "Rule 9(b) ensures that allegations of fraud are specific

9    enough to give defendants notice of the particular misconduct which is alleged to constitute the

10    fraud charged so that they can defend against the charge and not just deny that they have done

11    anything wrong."  *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985) (citation omitted).

12    Thus, Plaintiff must allege "'the who, what, when, where, and how'" of the allegedly fraudulent

13    misrepresentations.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation

14    omitted).  In cases, as here, involving multiple defendants, Rule 9(b) "does not allow a complaint

15    to merely lump multiple defendants together but require[s] plaintiffs to differentiate their

16    allegations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation omitted); *see*

17    *Yazdanpanah v. Sacramento Valley Mortg. Grp.*, No. C 09-02024, 2009 U.S. Dist. LEXIS

18    111557, at *8 (N.D. Cal. Nov. 30, 2009) (Plaintiff must "identify the role of *each defendant* in the

19    alleged fraudulent scheme.").

20    Plaintiff's allegations that Defendants "falsely filed documents with the Sacramento

21    County Recorder's Office" regarding their right to foreclose, and the fact that Plaintiff was in

22    default, could only be fraudulent if Defendants did not, in fact, have authority to file documents

23    with the Recorder's office and Plaintiff was not in default.  As discussed above, the foreclosure

24    was initiated in accordance with California law.  *See supra*, Section III.  Also, Plaintiff does not

25    allege he was current with his Loan payments; rather he alleges his non-payment is excused by

26    defects in the chain of title.  Therefore, Plaintiff has not alleged any of the required elements of a

27    fraud claim and his claim should be dismissed.

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Myers MTD/sf-3047614 v1

**VII.  PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT (FIFTH CAUSE OF ACTION)**

In addition to the reasons stated in Sections I and II, *supra*, Plaintiff's claim for unjust enrichment fails for the simple fact that under California law a claim for unjust enrichment does not exist.  *See Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779 (2003) ("there is no cause of action in California for unjust enrichment"); *Johns v. Bayer Corp.*, No. 09CV1935, 2010 WL 476688, at *6 (S.D. Cal. Feb. 9, 2010) ("unjust enrichment . . . is not an independent cause of action"); *Wolph v. Acer Am.* Corp., No. C 09-01314, 2009 WL 2969467, at *5 (N.D. Cal. Sept. 14, 2009) ("unjust enrichment does not constitute a stand-alone cause of action").

Moreover, Plaintiff's claim is based on "fees, interest rates, kickbacks and profits, among other things 'unrelated to settlement services provided at closing.' They have not pled that [Defendants] had any part in the loan closing process, which is the basis of [his] claim of unjust enrichment."  *See Pedersen*, 2011 U.S. Dist. LEXIS 96397, at *29.  Therefore, Plaintiff fails to state a claim.  *See id.* (citing *Jackson v. Ocwen Loan Servicing, LLC,* 2010 U.S. Dist. LEXIS 93524, at *6 (E.D. Cal. Aug 20, 2010).

**VIII.  PLAINTIFF'S CIVIL RICO ACTION FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF A CLAIM (SIXTH CAUSE OF ACTION)**

Plaintiff's RICO claim offers nothing more than conclusory allegations that various Defendants broke the law, but makes no effort to explain the existence of a criminal enterprise, or each Defendant's role in the alleged scheme.  This is plainly insufficient.

The elements of a civil RICO claim are:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation omitted).  Conclusory allegations are insufficient to satisfy any of these elements.  *See Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993); *see also Andrade v. Wachovia Mortg. FSB*, No. 09-cv-0377, 2009 WL 1111182, at *5 (S.D. Cal. Apr. 21, 2009) (dismissing civil RICO claim where instead of facts, plaintiff offered only citations to statutory sections that define the RICO elements).

11

1    Plaintiff fails to plead the existence of an enterprise or racketeering activity.  "To establish

2  the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing

3  organization, formal or informal,' and 'evidence that the various associates function as a

4  continuing unit.'"  *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007).  "[I]t is essential

5  to plead precisely in a RICO case the enterprise alleged and the RICO section allegedly violated."

6  *Johnson v. JP Morgan Chase Bank*, No. CV F 08-0081, 2008 WL 1925026 at *4 (E.D. Cal. Apr.

7  29, 2008) (citation omitted).  Plaintiff, however, offers only conclusory allegations that

8  "Defendant participated in the [sic] commission of two or more of the RICO predicate acts that

9  are itemized in the RICO laws …. include[ing] falsifying signatures."  (Compl. ¶ 111.)  "Such

10  shotgun pleading is insufficient to plead a RICO claim."  *Graf v. Peoples*, No. CV-07-4731, 2008

11  WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008); *see also Pedersen*, 2011 U.S. Dist. LEXIS 96397,

12  at *35 ("Neither fraud, in and of itself, nor the creation of fraudulent loan documents are

13  predicate offenses under RICO.").

14    Therefore, Plaintiff's claim should be dismissed.  *See Savage v. Council on American-*

15  *Islamic Relations, Inc.*, No. C-07-6076, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008)

16  (RICO claim insufficiently pled where plaintiff set forth a "redundant narrative of allegations and

17  conclusions of law, but [made] no attempt to allege what facts are material to his claims under the

18  RICO statute, or what facts are used to support what claims under particular subsections of

19  RICO").

20  **IX.    PLAINTIFF'S BUSINESS & PROFESSIONS CODE SECTION 17200 CLAIM
21        FAILS (SEVENTH CAUSE OF ACTION)**

22    Plaintiff's claim fails because it is based on allegations of fraud when the loan was

23  originated that are not attributable to any moving Defendant and in any event are time-barred.

24  (*See supra*, sections I and II.)

25    Plaintiff's claim also fails to allege facts to support a claim under any of the three prongs

26  available under section 17200.  A plaintiff may bring a section 17200 claim for "unlawful,"

27  "fraudulent," or "unfair" business practices that violate an underlying statute.  *See People v.*

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Myers MTD/sf-3047614 v1

1   *McKale*, 25 Cal. 3d 626, 635 (1979).  Each prong constitutes a separate and distinct theory of

2   liability. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

3   First, as discussed elsewhere in this Motion, Plaintiff fails to properly allege a violation of

4   any law, and thus his claim under the "unlawful" prong fails.  *See Webb v. Smart Document*

5   *Solutions, LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007) (alleged conduct "must violate a law . . . in

6   order for Plaintiffs to state a claim for relief under Section 17200's 'unlawful' prong.").

7   Second, Plaintiff does not properly allege an unfair act.  Defendant must do more than

8   allege a laundry list of potentially unfair acts.  (*See* Compl. ¶ 123.)  A defendant's liability "must

9   be based on his personal participation" and "unbridled control" over the "practices that are found

10   to violate section 17200."  *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)

11   (citations omitted).  Thus, each defendant's role and the "facts supporting the statutory elements

12   of the violation" must be pled with "reasonable particularity."  *Khoury v. Maly's of Cal., Inc.*, 14

13   Cal. App. 4th 612, 619 (1993).  Plaintiff utterly fails to distinguish between any moving

14   defendants, or attribute misconduct to particular actors.  Thus, Plaintiff cannot assert a claim

15   under the "unfair" prong of section 17200.

16   Finally, a "fraudulent" UCL claim requires a showing that "members of the public are

17   likely to be deceived."  *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838

18   (2006).  To be deceived, members of the public must have had an expectation or an assumption

19   about the particular matter in question. *Id.*  In federal court, UCL claims under a fraud theory are

20   subject to the heightened pleading requirements of Rule 9(b).  *See Vess*, 317 F.3d at 1103-1104.

21   Plaintiff does not allege how he, or members of the general public, could have any expectation

22   that defaulting on his Loan would result in anything other than foreclosure.  In fact, Plaintiff

23   agreed to as much when he executed a deed of trust securing the Loan and "irrevocably grant[ed]

24   and convey[ed]" the power of sale in case of default.  (RJN Ex. 1 at 3.)  Thus, Plaintiff fails to

25   state a claim under the "fraudulent" prong of section 17200.

26

27

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Myers MTD/sf-3047614 v1

1   **X.      DEFENDANTS DID NOT BREACH A SECURITY INSTRUMENT (EIGHTH**
         **CAUSE OF ACTION)**
2

3       Plaintiff's claim fails because the judicially noticeable title documents demonstrate that

4   T.D. Service was authorized to initiate foreclosure.  (*See supra* section III.)  Moreover, Plaintiff

5   does not allege any misconduct by any of the moving defendants.

6       Plaintiff's remaining allegation that Defendants breached sections 18 and 22 of the DOT

7   misstates the obligations created therein, and thus fails to plead a breach of the DOT.  (*See*

8   Compl. ¶ 130.)  Section 18 allows the Lender to request immediate payment of the outstanding

9   balance of the Loan if the Borrower sells or transfers the property without the Lender's consent.

10  (RJN Ex. 1 at 11.)  That section is not implicated here, since Plaintiff does not allege he attempted

11  to transfer the property.  Section 22 does require the Lender to give the Borrower notice prior to

12  accelerating the Loan after any breach of the DOT by the Borrower.  (*Id.* at 12-13.)  Here,

13  judicially recognizable documents establish that notice was provided through one Notice of

14  Default and two Notices of Sale.  (RJN Exs. 2-4.)  Plaintiff does not allege any defects in personal

15  notice.  Therefore, Plaintiff's eighth cause of action should be dismissed with prejudice.

16  **XI.     PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM FAILS (NINTH CAUSE**
         **OF ACTION)**
17

18      Plaintiff's claim fails because judicially noticeable title documents demonstrate not only

19  that T.D. Service was authorized to initiate the foreclosure, but also that the foreclosure was

20  properly conducted.  (*See supra* section III, addressing allegations in Compl. ¶¶ 131-136.)  Thus,

21  to the extent Plaintiff's claim relies on allegations in the Complaint, ¶¶ 131-136, the claim should

22  be dismissed with prejudice.

23      Plaintiff's remaining allegations of negotiations with EMC regarding a potential loan

24  modification fail to allege actionable conduct.  Indeed, they prove EMC complied with applicable

25  California law.  (*See* Compl. ¶¶ 137-145.)  California Civil Code section 2923.5 requires lenders

26  to contact borrowers so they can "explore options to avoid foreclosure."  Section 2923.5 is "very

27  narrow … There is no *right*, for example, under the statute, to a loan modification."  *See Mabry v.*

28  *Super. Ct.*, 185 Cal. App. 4th 208, 231-232 (2010).  Here, Plaintiff and EMC negotiated for

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Myers MTD/sf-3047614 v1

1    months, but ultimately did not agree to a loan modification.  Nothing more is required.

2    Therefore, Plaintiff's claim should be dismissed.

3    **XII.    PLAINTIFF'S QUIET TITLE CLAIM FAILS (TENTH CAUSE OF ACTION).**

4          Plaintiff's claim for quiet title fails because Plaintiff lacks standing to state a claim.

5          The remedy of quiet title "is cumulative and not exclusive of any other remedy, form or

6    right of action or proceeding provided by law for establishing or quieting title to property."  Cal.

7    Civ. Proc. Code § 760.030(a).  Because Plaintiff cannot state any claim against the foreclosing

8    defendants in his other claims, Plaintiff cannot state a claim to quiet title.

9          Moreover, Plaintiff's claim fails because he has not offered to tender the amount owed on

10   the Loan, which as of the recording of the NOS was $290,435.44.  *See Pedersen*, 2011 U.S. Dist.

11   LEXIS 96397, at *36-37 (citing *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974)); *see also*

12   *Arnolds Mgmt. Corp v. Eischen,* 158 Cal. App. 3d 575, 578 (1984); RJN Ex. 5.

13                          **CONCLUSION**

14         For the foregoing reasons, Defendants respectfully request that the Court dismiss the

15   Complaint in its entirety without leave to amend.

16

17

18   Dated:  September 23, 2011          PHILIP T. BESIROF
                                        SETH A. SCHREIBERG
19                                      MORRISON & FOERSTER LLP

20

21                                      By:  /s/ Seth A. Schreiberg
                                             SETH A. SCHREIBERG

22                                      Attorneys for Defendants JPMORGAN
                                        CHASE BANK, N.A., as successor in interest
23                                      to EMC MORTGAGE LLC, formerly known
                                        as EMC MORTGAGE CORPORATION;
24                                      BANK OF AMERICA, N.A., as successor by
                                        merger to LASALLE BANK NATIONAL
25                                      ASSOCIATION, as Trustee for Certificate
                                        holders of BEAR STEARNS ASSET
26                                      BACKED SECURITIES I LLC, ASSET
                                        BACKED CERTIFICATES, SERIES 2007-
27                                      HE5; MORTGAGE ELECTRONIC
                                        REGISTRATION SYSTEMS, INC.

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Myers MTD/sf-3047614 v1